OPINION
{¶ 1} Defendant-appellant, Christopher Castanias, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, modifying the parties' shared parenting plan with regards to his parenting time with the parties' children.
 {¶ 2} Appellant and appellee divorced in 1999 and at that time entered into a shared parenting plan for their two children. The parties initially followed the plan, and were able to jointly agree to changes made outside of the plan. The plan was formally modified by *Page 2 
agreement of the parties in 2004 to change the days of parenting time, in contemplation that appellee would be traveling out-of-state for work on a regular basis. However, appellee changed jobs and the parties agree that they never followed the modified shared parenting plan. Instead, for the most part, the parties continued to work out parenting issues on their own and followed a schedule that both parties verbally agreed to, although their agreement was never formally adopted by the court. During this time, appellant began working out of his home and provided childcare for the children after school and during the summer months.
 {¶ 3} Appellee remarried in January 2006 and moved to Mason. At the time, the children were attending Lebanon schools and would go to appellant's house in Lebanon after school, where appellee picked them up on her parenting days. After her remarriage, appellee filed a motion to modify the shared parenting plan to allow the children to attend Mason schools, which was granted by the court. Problems arose when appellee began providing for childcare for the children after school and in the summer on her parenting days, other than with appellant.
 {¶ 4} On July 17, 2006, appellee moved to modify the parenting time schedule for the summer and, one month later, filed an addendum to that motion regarding parenting time during the school year. Appellee testified that during the summer of 2005 the children spent some of her parenting days with appellant and some days with their older step-sister. Appellee testified that in the summer of 2006, appellant was not available to be with the children every week day due to work commitments and that he had testified at a deposition that he was working 80 hours a week. She testified that during her summer parenting days, the children were with their older stepsister, their stepfather, or were watched by a babysitter. Appellant disputed the extent of the time the children were not with him during the summer of 2005 and argued that he had the children a substantial amount of the time that summer on appellee's parenting days. Appellant indicated that he worked 60 to 80 hours a week, but *Page 3 
disputed appellee's claim that because he was working so much, he was unable to care for the children. He indicated that his work schedule is flexible and he can arrange the hours he works to early morning and late evening hours in order to watch the children.
 {¶ 5} After hearings, the magistrate issued a decision ordering parenting time based on the past practices of the parties, with the exception that it was no longer necessary for appellant to watch the children after school on appellee's overnights now that they were attending Mason schools, and the court found that the parties should follow the same schedule in the summer.
 {¶ 6} Appellant filed objections to the magistrate's decision, arguing that the change in after-school care and during the days in the summer denied him parenting time that he had traditionally exercised. The trial court overruled the objections and adopted the magistrate's decision. Appellant now appeals the trial court's decision and raises the following sole assignment of error for our review:
 {¶ 7} "THE TRIAL COURT ERRED IN APPLYING THE STAUTORY FACTORS NECESSARY TO MODIFY PARENTING TIME UNDER A SHARED PARENTING PLAN AS SET FORTH IN R.C. 3109.04(E)."
 {¶ 8} Appellant argues that the trial court erred in applying the facts of this case to the statutory factors a court must consider in modifying parenting time under a shared parenting plan. Citing this court's decision in Bauer v. Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552, appellant states that the court must find a change in circumstances occurred, that the modification is in the children's best interest, and that the harm to the children from the modification is outweighed by the advantages.
 {¶ 9} However, after this case was submitted, the Ohio Supreme Court addressed the standard a court must follow under R.C 3109.04(E) when modifying a shared parenting plan. Fisher v. Hasenjager,116 Ohio St.3d 53, 2007-Ohio-5589. In Fisher, the court acknowledged *Page 4 
a split among Ohio's appellate districts regarding when each of two subsections of R.C. 3109.04(E) applies in modifying a shared parenting plan. Id. at ¶ 1, 7. R.C. 3109.04(E)(1)(a) states that the court "shall not modify a prior decree allocating parental rights and responsibilities" unless it finds a change in circumstances and the modification is in the best interest of the children. On the other hand, R.C. 3109.04(E)(2)(b) states that a court may modify the "terms" of a shared parenting plan if it finds the modifications are in the best interest of the children.
 {¶ 10} In Fisher, the Third District examined the statutory provisions and determined that the definition of "terms" included all provisions in a shared parenting plan. Id. at ¶ 9. The appellate court concluded that a trial court was permitted to modify the residential and legal parent designation without a determination that a change in circumstances occurred. Id. In making this determination, the Third District acknowledged that other districts apply the change of circumstance requirement of R.C. 3109.04(E)(1)(a) when the proposed modification of the shared parenting plan is "substantial" or "substantially changes" the allocation of parental rights and responsibilities. Id. at ¶ 7.
 {¶ 11} This court has followed the districts that require a change in circumstances if the proposed modification "substantially changes" the shared parenting plan. In Bauer this court determined that a change in circumstances was required based on subsection (E)(1) when a modification "substantially changes" the allocation of parental rights and responsibilities, while only a best interest determination is required for a "mere modification of the terms" such as a transportation provision. 2003-Ohio-2552 at ¶ 13. See also Fisher v. Campbell (June 23, 1997), Butler App. No. CA96-11-248; Schoettle v. Bering (Apr. 22, 1996), Brown App. No. CA95-07-011. This court included parenting time within the definition of "an allocation of parental rights and responsibilities." Fisher v. Campbell at ¶ 14. In Bauer, this court held that a proposed modification to the parties' shared parenting plan that increased the father's *Page 5 
parenting time from 33 percent to 53 percent "substantially change[d] the allocation of the parties parental rights and responsibilities." The court therefore found a change in circumstances was required before the trial court could modify the parties' parenting time. Bauer at ¶ 13.
 {¶ 12} Recognizing a conflict among the appellate courts on this issue, the Ohio Supreme Court in Fisher addressed the pertinent issue as follows:
 {¶ 13} "Is a change in the designation of residential parent and legal custodian of children a `term' of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a `change in circumstances' has occurred pursuant to R.C. 3109.04(E)(1)(a)?"Fisher, 2007-Ohio-5589 at ¶ 1.
 {¶ 14} The Fisher court determined that within the custody statute, a "plan" is statutorily different from a "decree" or "order." Id. at ¶ 29. An "allocation of parental rights and responsibilities" is accomplished in a court's decree, while the "plan" details the implementation of the court's shared parenting order. Id. Accordingly, both sections of the statute apply to shared parenting plans, with a finding of a change in circumstances only applicable when the court allocates parental rights and responsibilities. Id.
 {¶ 15} The court then focused its analysis on defining "allocation of parental rights and responsibilities" under R.C. 3109.04(E)(1)(a). It determined that parental rights and responsibilities "reside in the party or parties who have the right to the ultimate legal and physical control of a child." Fisher at ¶ 4. The court continued, finding that "[w]hen a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities." Id. at ¶ 5. Because the order adopting a shared parenting plan designates a residential parent and legal custodian, it is allocating parental rights and responsibilities, and the change in circumstances requirement of R.C. 3109.04(E)(1)(a) applies to this *Page 6 
determination.
 {¶ 16} The court further found that the "terms of the plan" include provisions "relevant to the care of a child, such as the child's living arrangements, medical care, and school placement." Id. at ¶ 30. Unlike the allocation of parental rights and responsibilities, the "terms" of the plan can be modified under R.C. 3109.04(E)(2)(b) by a finding that they are in the best interest of the child." See id. at ¶ 36.
 {¶ 17} Although the Fisher court's holding is factually limited to the determination that designating a legal custodian and residential parent is an allocation of parental rights and responsibilities within the meaning of R.C. 3109.04(E)(2)(b), the decision appears to limit the statutory definition of "allocation of parental rights and responsibilities" to the custodian and residential parent determinations. On the other hand, the court stated that "terms" include a child's "living arrangements" which can be modified under R.C. 3109.04(E)(2)(b). Therefore, the Ohio Supreme Court's decision inFisher, defining "allocation of parental rights and responsibilities," controls.
 {¶ 18} As applied to the facts before us, the requested modification in this case related not to the designation of custodial or residential parent, but instead, related to the parties' parenting time with the children. Therefore, the court was required to consider only whether the proposed modification was in the children's best interest pursuant to R.C. 3109.04(E)(2)(b).[1] *Page 7 
 {¶ 19} The magistrate found that it was in the best interest of the children to follow the past parenting practice of the parents, with the exception that it was not necessary for appellant to pick the children up after school on appellee's overnights now that the children were attending school in Mason. The magistrate further found that it was in the best interest of the children for the parties to follow the same schedule during the summer months. The trial court overruled appellant's objections and adopted the magistrate's decision on these issues.
 {¶ 20} It is well settled that a trial court is given broad discretion in its determination of parental custody rights, and the trial court's decision will not be disturbed unless it involves an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 21} Appellant's argument on appeal is essentially that he has been deprived of parenting time he has traditionally exercised after school and during the summer on appellee's parenting days. However, while the past practices of the parties are relevant in determining the children's best interest, past practice is not a controlling factor, nor is there a requirement that the parties' parenting time remain essentially the same throughout their children's lives. In this case, the court modified the parties' parenting time in accordance with their past practices, with the exception that appellee should have the children after school on her parenting days and during the day in the summer on her parenting days.
 {¶ 22} As discussed above, while the children were attending Lebanon schools, appellant lived in the area and worked from home and provided after school and summer care, including on days that appellee had parenting time. Appellee admitted that this arrangement worked well for the parties at the time. However, the situation and need for appellant to care for the children during this time changed when appellee remarried and moved to Mason. The children began attending Mason schools and according to appellee, *Page 8 
the children could spend time with their stepfather and step-siblings on her parenting days after school and in the summer while she was working.
 {¶ 23} While appellant argues that the trial court's statement that appellant testified that he works between 60 and 80 hours per week and "providing him with additional parenting time on weekdays during the summer would not realistically appear to provide Father with additional time to spend with the children" is inconsistent with his testimony that he was able to arrange work around the children, we find the trial court's decision was not an abuse of discretion. In addition, other factors supported the trial court's decision that the revised parenting time was in the children's best interest, such as the children's desire to spend time with their step-father and step-siblings and the change in the need for appellant to provide childcare during appellee's parenting time. Therefore appellant's assignment of error is overruled.
 {¶ 24} Judgment affirmed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] We note that from a practical standpoint, the resolution of this case is not impacted by the court's decision in Fisher, as a change in circumstance had occurred since the previous order. Although adopted by the court, the parties admit they had did not follow the agreed entry modifying the shared parenting plan. While appellant refers to modifying the parenting time that the parties had "traditionally exercised," the past practices of the parties were never formally adopted by the trial court and therefore, the order that the modification request relates to is an order that the parties admit they had never followed. Although the past practices of the parties with regard to parenting time were referred to by the parties and the court at various hearings, no formal modification of the parenting time ever occurred. Moreover, appellant conceded in his memorandum in support of objections to the magistrate's decision that a change in circumstance occurred when appellee moved to Mason and the children transferred to Mason schools. *Page 1