OPINION
{¶ 1} Plaintiff-Appellent, Stephen Van Osdell, appeals the decision of the Warren County Court of Common Pleas, Division of Domestic Relations, denying his request to modify a shared parenting agreement and to decrease his child support obligations. We affirm the decision of the trial court in part, reverse in part, and remand for further proceedings. *Page 2 
 {¶ 2} Stephen and Irina Van Osdell were married in September 1993 and had one child born issue of the marriage before they divorced in 2003. In March 2004, a shared parenting plan was filed in which the child would spend alternating weekends and every Wednesday with Stephen. Holiday time was allocated according to the Warren County guidelines and each parent received four weeks of continuous visitation during the child's summer break. According to the shared plan, Irina was vested with the power to "make all decisions relating to the minor child without prior notice and consent of father." The magistrate also figured child support obligations and ruled that Stephen was to pay $841.57 per month in child support and $900.00 per month in spousal support.
 {¶ 3} After Stephen filed a motion to reconsider the decision, both he and Irina signed an agreed entry in which they both dismissed all pending motions and settled the spousal support obligation for a flat $10,000 lump sum payment. The parties abided by the terms of the shared parenting plan and were not active in the court after their agreed entry went into effect until January 2007, when Stephen filed a motion to enjoin Irina from obtaining a passport for the child and to modify the shared parenting plan to allow more visitation time.
 {¶ 4} The passport issue had been a contention in the original proceedings and Stephen has continually challenged Irina's attempts to obtain a passport for the child. Stephen moved the court to deny the issuance of a passport because he feared that Irina would use the passport in furtherance of abducting their child and fleeing with him to Russia or Switzerland. Irina was born in Russia and holds both American and Russian citizenship, though she has lived in this country since her 1993 marriage to Stephen. Irina also has a serious relationship with a Swiss National who she had visited in various European locations seven times over a 12-month span.
 {¶ 5} Stephen also asked for additional parenting time because the schedule set forth n the original shared parenting plan was too disjointed and did not allow for adequate *Page 3 
development of bonding time. Stephen also requested that his summer visitation time occur while his older son was in town so that his two sons could spend time together.
 {¶ 6} The magistrate agreed that the shared plan should be modified to give Stephen one additional day (alternating Thursdays so that when it is Stephen's turn to have the child over the weekend, the total visit would begin at the normal Wednesday visitation time and last through the weekend). Because giving Stephen this additional time did not cause a significant change in the visitation schedule, the magistrate did not modify Stephen's child support obligation. The magistrate also denied Stephen's request to enjoin or restrict the child's passport, finding that there had not been an adequate change in circumstances from the time the original shared parenting plan was adopted.
 {¶ 7} Stephen filed objections to the magistrate's decision and the trial court overruled them, making the decision a final appealable order which Stephen now appeals, raising three assignments of error.[1]
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RESTRICTIONS ON THE ISSUANCE OF A PASSPORT."
 {¶ 10} In his first assignment of error, Stephen argues that the trial court erred by not modifying the order to enjoin or restrict the issuance of a passport for the child because there had been a change in circumstances and doing so would be in the child's best interest. Though we base our decision on different legal rationale, this argument is meritorious.
 {¶ 11} The Ohio Supreme Court recently analyzed in what instances a change in circumstances needs to occur before a court can modify a shared parenting agreement. Fisher v. Hasenjager, 116 Ohio St.3d 53,2007-Ohio-5589. R.C. 3109.04(E)(1)(a) states that *Page 4 
the court "shall not modify a prior decree allocating parental rights and responsibilities" unless it finds a change in circumstances and the modification is in the best interest of the child. R.C. 3109.04
(E)(2)(b) states that a court may modify the "terms" of a shared parenting plan if it finds the modifications are in the best interest of the child. After analyzing the language of R.C. 3109.04(E), the court determined that "terms" include a child's "living arrangements" which can be modified based on the best interests of the child.
 {¶ 12} R.C. 3109.04 (E)(2)(b) does not require a court to find a change in circumstances before the shared parenting plan can be altered. Instead, the modification can occur "any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time."
 {¶ 13} In our first application of the court's analysis, we decidedCastanias v. Castanias, Warren App. No. CA2007-01-015, 2008-Ohio-2909. In Castanias, the appellant moved to modify the shared parenting agreement due to a change in the children's after-school care. Because the requested change did not relate to the designation of custodial or residential parenting, and instead spoke to a term of the agreement, we determined that the trial court was required to consider only whether the modification was in the child's best interest, not whether there had been an adequate change in circumstances to warrant the change.
 {¶ 14} Similar to Castanias, Stephen moved to modify a term of the shared plan, not to re-allocate parental rights and responsibilities. Based on the language of R.C. 3109.04 (E)(2)(b), as well as the court's analysis in Fisher, the trial court should have based its decision on whether to enjoin or restrict the passport based on the best interest of the child, and not whether there had been an adequate change in circumstances since the shared plan went into effect in 2004. *Page 5 
 {¶ 15} This distinction becomes significant because the court may take into consideration many factors when addressing the child's best interest instead of dismissing these important issues because there had been no change in circumstances to warrant a revisiting of the passport matter. These factors include balancing the risks inherent in international travel versus any benefit the child would incur from vacationing abroad.
 {¶ 16} Because the magistrate and court made its decision in early October 2007, it did not have the benefit of the court's decision inFisher or our application in Castanias. On remand, therefore, the trial court is to determine the passport issue based on the best interests of the child, and not whether there has been an adequate change in circumstances. To the degree that it asserted the trial court erred in not considering the child's best interest, Stephen's first assignment is sustained.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR REDUCTION OF CHILD SUPPORT."
 {¶ 19} In his second assignment of error, Stephen argues that the change in the shared parenting plan gave him significantly more time, therefore warranting a reduction in his child support obligation. This argument lacks merit.
 {¶ 20} "Matters involving child support are reviewed under the abuse-of-discretion standard." S.H. v. C.C., Madison App. No. CA2006-12-051, 2007-Ohio-4359, ¶ 35, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. More than mere error of judgment, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 21} According to R.C. 3119.22, "the court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet * * * if, after considering the factors *Page 6 
and criteria set forth in section 3119.23[2] of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, * * * would be unjust or inappropriate and would not be in the best interest of the child."
 {¶ 22} Further, R.C. 3119.79 states that, "if an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."
 {¶ 23} Though the magistrate granted Stephen an additional day (alternating Thursdays), she determined that a decrease in child support was not warranted. The magistrate recalculated the child support work sheet based on Stephen's and Irina's financial information and noted that it was not more than ten percent different than the existing order. Even if the magistrate had granted a deviation based on the additional day, the recommended amount was less than ten percent so that the magistrate did not recommend a change to the existing orders. The trial court, in overruling Stephen's objection to the magistrate's refusal to decrease his support obligation, relied on the change not being greater than ten percent. We *Page 7 
find no error in the trial court's conclusion.
 {¶ 24} Stephen asserts that the trial court failed to take other factors into consideration beyond the percentage of change that actually occurred. He asserts that pursuant to R.C. 3119.23, the court should have considered the total time he has visitation with the child, as well as Irina being financially stable enough to visit Europe seven times in 12 months.
 {¶ 25} However, the trial court did not abuse its discretion by not requiring a decrease in child support. According to the factors set forth in R.C. 3119.23, Stephen did receive extended parenting time in that he has one additional day every other week. Conversely, there continues to exist a disparity in income between Stephen, whose annual 2007 salary was $105,000, and Irina, whose salary in 2007 was $49,100. Stephen was also awarded the marital home with a greater buildup of equity than Irina who recently purchased a house and does not have the relative financial resources or other assets that Stephen has. The decision to not modify Stephen's obligation will also allow the child to maintain his standard of living and circumstances he would have enjoyed had the marriage continued. The court was also authorized to take into consideration other relevant factors and we cannot say that its attitude in deciding not to decrease Stephen's support obligations was unreasonable, arbitrary, or unconscionable.
 {¶ 26} Because the trial court did not abuse its discretion in refusing Stephen's request to decrease his child support obligation, his second assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO CORRECT OMISSIONS FROM THE PARENTING ORDERS."
 {¶ 29} In his third assignment of error, Stephen argues that the trial court erred in not adding a provision to the shared parenting plan that had been discussed in 2004. This argument lacks merit. *Page 8 
 {¶ 30} During the reading of the original shared parenting plan into the record in 2004, Irina agreed that Stephen could have visitation privileges with the child in lieu of sending him to child care while Irina was at work. However, the verbal agreement was not memorialized in the shared parenting plan filed with the court. Between 2004 and 2007, Irina had continually denied Stephen the ability to pick up the child from his after-school latchkey program and also called the police on multiple occasions when Stephen picked up the child when it was not Stephen's designated visitation time. After he filed objections to the magistrate's most recent decision in 2007, the trial court ruled that Stephen had not moved the magistrate to include the 2004 provision and that Irina had not been given an opportunity to be heard on the issue.
 {¶ 31} Stephen did not move the magistrate to modify the plan to include the 2004 provision. In March 2004, the court issued the divorce decree and entered the shared parenting plan into the record. Later that month, Stephen filed a motion to reconsider but never mentioned the omission of the agreement regarding his right to take the child in lieu of him being in daycare. In April 2004, Stephen and Irina filed their agreed entry and Stephen withdrew the motions he had pending at that time. For three years, Stephen never moved the court to modify the plan and did not otherwise raise the omission. In January 2007, Stephen filed his motion to enjoin the passport as well as a motion for modification of parenting time. Neither of these motions moved the court to address the omission. In March 2007, Stephen filed a proposed shared parenting plan but his own proposed plan did not mention him having the right to have the child while Irina was at work. In July 2007, Stephen filed a motion to specify his summer visitation and did not mention the omission. Therefore, when the magistrate issued her decision in August 2007, she did not address the omission, as Stephen never moved the court to adjust the plan to recognize the agreement. The first mention of the 2004 omission is found in Stephen's pro se objections to the magistrate's decision and then carried through in his appellate brief to this court. *Page 9 
 {¶ 32} The trial court refused to add the provision to the plan based on the fact that Stephen had not made a request to do so at trial and "instead, agreed to a provision granting [Irina] sole decision-making power" for the child. We find no error in this conclusion.
 {¶ 33} According to Civ. R. 53(C)(1)(a), a magistrate has the authority to determine "any motion in any case." Because Stephen failed to move the magistrate to modify the plan to add the 2004 provision, the magistrate did not, and could not, determine whether the provision could properly be added. The trial court specifically addressed the fact that Stephen failed to file a motion on the issue before the magistrate and did not abuse its discretion by refusing to add the provision.
 {¶ 34} We also note that the trial court essentially concluded that Stephen had agreed that Irina would be the sole decision maker for the child so that it was her decision to place the child in a latchkey program instead of allowing Stephen to pick the child up outside the scope of his agreed visitation schedule.
 {¶ 35} Stephen agreed that Irina would make decisions for the child such as where he would spend his time after school while Irina was still at work. Irina's decision to put the child in a latchkey program instead of allowing Stephen time outside his structured visitation plan is her decision to make and the trial court's attitude was not unreasonable, arbitrary, or unconscionable in deciding that a 2004 provision should not be added without further consideration of the issue.
 {¶ 36} Because the trial court did not abuse its discretion by not adding the 2004 provision, Stephen's third assignment of error is overruled.
 {¶ 37} Judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
WALSH, P.J. and BRESSLER, J., concur.
[1] We initially note that Irina, acting pro se during the appellate proceedings, did not submit an appellee's brief and was not heard at oral arguments.
[2] According to R.C. 3119.23, the court may consider any of the following factors in determining whether to grant a deviation: "(A) Special and unusual needs of the children; * * * (D) Extended parenting time or extraordinary costs associated with parenting time; * * * (G) Disparity in income between parties or households; * * * (K) The relative financial resources, other assets and resources, and needs of each parent; * * * (L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married; that would have been available to the child had the circumstances requiring a court order for support not arisen; * * * (P) Any other relevant factor." *Page 1