[Cite as *Rankin v. Rankin*, 2017-Ohio-7656.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| KATHY RANKIN, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-12-024 |
| | : | O P I N I O N |
| - vs - | | 9/18/2017 |
| | : | |
| MATT RANKIN, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2015 DRA 0623


Val E. Lewis, 108 South High Street, P.O. Box 467, Mt. Orab, Ohio 45154, for plaintiff-appellee

Lisa M. Wells, 401 Madison Avenue, Covington, KY 41011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Matt Rankin, appeals from the decision of the Brown County Court of Common Pleas, Domestic Relations Division, which determined his child support obligation in his divorce from plaintiff-appellee, Kathy Rankin. For the reasons discussed below, this court affirms the lower court's decision.

{¶ 2} Matt and Kathy married in 2000. In October 2015, Kathy filed for divorce. By

May 2016, the parties had informally resolved all issues in the divorce except for Matt's child support obligation. In this regard, the parties disputed Matt's yearly income.

{¶ 3} Matt owned and operated his own business, a gospel quartet, which generated around $350,000 in yearly revenue. The IRS audited Matt's last three years of tax returns, which resulted in him owing an additional tax of $21,000. Matt agreed to pay this tax as part of the divorce.

{¶ 4} The Rankins appeared before a magistrate in May 2016 for a final divorce hearing. The parties read into the record those aspects of the divorce upon which they agreed and confirmed that they wished for the court to decide the child support issue. Both parties further agreed that the court could render its decision based only on documents submitted to it by the parties. Matt would have seven days from the hearing date to provide the court with documents establishing the appropriate amount of his child support obligation. Kathy would then have seven days following the receipt of Matt's documents to submit her own documents to the court.

{¶ 5} Matt did not submit documents to the court in the seven days following the hearing. The record is unclear, but it appears that Matt submitted tax documents to the court for its consideration about 30 days after the hearing. Per the magistrate's decision, Matt urged the court to conclude that his annual income was around $34,000. Kathy filed a memorandum asking the court to conclude that Matt earned $62,400. Kathy also argued that Matt's tax returns were not reliable indicators of his income because he had been audited by the IRS.

{¶ 6} The magistrate issued a decision finding that Matt's income for child support purposes was $52,866. This was the average of the annual incomes that Kathy indicated Matt earned in the prior three years, which Kathy had averred to her in the affidavit of income and expenses she filed with the divorce complaint. The magistrate found that Matt's tax

documents were not reliable evidence of Matt's income as Matt had been audited repeatedly and thereafter was determined to owe tax. The magistrate observed that $52,866 was "closest to an accurate figure" of Matt's income as could be determined from the evidence. The magistrate ordered Matt's monthly child support obligation effective as of the time of the divorce filing and created an arrearage dating back to October 2015, i.e., the filing of the divorce complaint.

{¶ 7} Matt filed objections to the magistrate's decision, arguing that the court failed to consider self-employment expenses and taxes in calculating his income and erroneously ordered the child support order effective as of the date of the filing of the complaint. Matt requested a hearing on these objections. In response, the court issued an entry overruling Matt's objections and adopting the magistrate's decision in full. The court later issued the parties a decree of divorce. Matt appeals from the court's decision with respect to his child support obligation and raises two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONDUCT A HEARING ON THE ISSUE OF CHILD SUPPORT.

{¶ 10} Matt argues the court abused its discretion by failing to schedule a hearing where Matt could submit additional evidence from which the court could accurately determine his annual income and the amount of his pre-decree child support payments.

{¶ 11} In ruling on objections to a magistrate's decision, Civ.R. 53(D)(4)(d) requires a trial court to undertake an independent review of the objected matters to determine whether the magistrate properly determined the factual issues and appropriately applied the law. *Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 26. In so doing, a court "may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or

- 3 -

return a matter to a magistrate." Civ.R. 53(D)(4)(b); *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 13. The court may refuse to hear additional evidence unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate. Civ.R. 54(D)(4)(d).

{¶ 12} The trial court has the "ultimate authority and responsibility" over the magistrate's findings and rulings. *Hartt v. Munobe*, 67 Ohio St.3d 3, 5 (1993). When a magistrate has failed to properly determine the factual issues and appropriately apply the law, the trial court must substitute its judgment for that of the magistrate. *Hampton* at ¶ 14, citing *Crosby v. McWilliam*, 2d Dist. Montgomery No. 19856, 2003-Ohio-6063, ¶ 34. Matters involving child support are generally reviewed under an abuse of discretion standard. *Van Osdell v. Van Osdell*, 12th Dist. Warren No. CA2007-10-123, 2008-Ohio-5843, ¶ 20.

{¶ 13} Matt does not indicate what evidence he would have submitted at the hearing. However, Matt contends that he would have offered proof that he had been making $600 child support payments to Kathy since Kathy filed for divorce. Matt fails to explain why he could not have, with reasonable diligence, provided this evidence to the court before the magistrate rendered a decision.

{¶ 14} This court concludes that the domestic relations court did not abuse its discretion in declining to hold an evidentiary hearing before ruling on Matt's objections. Matt agreed that the court could render a decision on his child support obligation based on documents he would submit within seven days of the final divorce hearing and those documents which were already filed with the court. Matt belatedly submitted his tax documents, apparently believing that these would be acceptable evidence of his income. The court considered those documents, despite their late filing, but did not find the documents reliable evidence of Matt's income because of the result of the IRS audits. Matt

filed no documents with respect to his past child support payments. The court properly determined Matt's child support obligations based on the information supplied to it by the parties. This court overrules Matt's first assignment of error.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CALCULATE DEFENDANT-APPELLANT'S CHILD SUPPORT AS A SELF-EMPLOYED OBLIGOR.

{¶ 17} Matt next argues that the court abused its discretion by failing to correct a purported error in the magistrate's calculation of Matt's income. Specifically, Matt argues that the court failed to adjust his income for self-employment business expenses and taxes. Again, Matt chose to submit only his tax returns, which the magistrate and trial court agreed were not reliable sources of information. The court determined Matt's income based upon the limited information presented to it, in a procedure agreed to by the parties. We perceive no error, much less an abuse of discretion, in the court's adoption of the magistrate's decision. This court overrules Matt's second assignment of error.

{¶ 18} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.