[Cite as *In re C.S.*, 2015-Ohio-3937.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN RE: C.S.                                        :
                                                            CASE NO. CA2015-05-041
                                                    :
                                                            O P I N I O N
                                                    :       9/28/2015

                                                    :

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 07-S02421

Tibbs Law Office, LLC, Daryle C. Tibbs, 1329 East Kemper Road, Suite 4230A, Cincinnati, Ohio 45246, for appellant

Law Offices of Jeffery E. Richards, Jeffery E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for appellee

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Ashley Kana (Mother), appeals from a decision of the Warren County Court of Common Pleas, Juvenile Division, terminating her shared parenting agreement and placing her son with the child's father, plaintiff-appellee, Zachary Sandlin (Father). For the reasons set forth below, we affirm.

{¶ 2} Mother and Father are the parents of C.S., born on February 18, 2007. The parties were never married and subsequently separated. A child support order was issued for C.S. on August 30, 2007 and the parties entered into a shared parenting plan, which

provided that "both parties shall be deemed residential parent, though Mother's residence would be considered the primary place of residence for school purposes." At that time, both Mother and Father resided in Ohio.

{¶ 3} In the ensuing years, Mother married her husband, Wesley Kana (Stepfather), and had two additional children by issue of that marriage. Mother and Stepfather resided in Middletown, Ohio until Stepfather moved to California to accept a new employment opportunity. On March 5, 2014, Mother filed a notice of intent to relocate to California. Thereafter, Mother and Father filed alternative motions seeking to terminate shared parenting with each moving for custody of the child.

{¶ 4} On September 15, 2014, the magistrate held a hearing on the respective motions and subsequently issued a decision granting the termination of the parties' shared parenting plan and named Mother as the custodial parent. Father filed objections to the magistrate's decision. However, prior to the trial court's ruling on Father's objections, Mother relocated to California with C.S. As a result, Father asked for and received an interim order requiring Mother to return C.S. to Ohio in order to "maintain the status quo until the objection is properly ruled on by the court." C.S. then returned to Ohio and remained through the conclusion of the proceedings.

{¶ 5} On April 7, 2015, the trial court sustained Father's objections to the magistrate's decision and named Father as the custodial parent. Mother now appeals the decision of the trial court, raising four assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE EXTENT OF AN ABUSE OF DISCRETION WHEN IT DENIED MOTHER'S MOTION TO STRIKE.

{¶ 8} In her first assignment of error, Mother argues the trial court erred by denying her motion to strike Father's objections to the magistrate's decision, raising essentially two

issues. Initially, Mother complains that Father's objections to the magistrate's decision failed to state his grounds for the objection with specificity. In addition, Mother challenges the manner in which Father provided his objections to the trial court. We find Mother's assignment of error is without merit.

{¶ 9} A trial court's decision granting or denying a motion to strike is reviewed on appeal under an abuse of discretion standard. *Allgeier v. Allgeier*, 12th Dist. Preble No. CA2009-12-019, 2010-Ohio-5313, ¶ 10-11. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *In re C.K.W.*, 12th Dist. Warren No. CA2015-01-011, 2015-Ohio-3288, ¶ 9.

{¶ 10} In the present case, Father filed an objection to the magistrate's decision, but reserved further briefing on the matter until a transcript of the proceedings could be prepared. Father's initial objection stated that he would be contesting the decision "[g]ranting [M]other's motion to relocate the child across the country and away from his father and his family." Following the completion of the transcript, Father filed a supplemental brief detailing more specific reasons for his objection, including references and citations to the transcript. As a result of the supplemental brief, the trial court denied Mother's motion to strike and also noted the period of time between the magistrate's decision and the filing of the written transcript. On appeal, Mother alleges that "[e]ssentially, Father gave himself an extension on filing his objections without asking for or receiving permission to do so" in violation of the local rules.

{¶ 11} After review, we find the trial court did not abuse its discretion by denying Mother's motion to strike. Our review of the record reveals no error, much less an abuse of discretion based on the procedure, timing, and specificity of the objections. This court has previously acknowledged that a trial court has the inherent power to manage the course of its proceedings and docket. *In re J.T.S.*, 12th Dist. Preble No. CA2014-09-009, 2015-Ohio-364,

- 3 -

¶ 13, citing *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37 (reiterating that "[i] It is well-settled that a trial court has the inherent power to control its own docket and the progress of the proceedings in its court").

{¶ 12} As detailed above, Father timely objected to the magistrate's decision and provided a basis for that objection while indicating his intention to supplement the accompanying brief once a transcript of the record was prepared. Father's need for a written transcript was understandable considering he was contesting the weight and credibility of the evidence brought before the magistrate. In turn, we fail to see any abuse of discretion based on the trial court's decision. Therefore, because we find the trial court did not err in denying her motion to strike, Mother's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE EXTENT OF AN ABUSE OF DISCRETION WHEN IT ORDERED MOTHER TO RETURN THE CHILD TO OHIO DURING THE OBJECTION PERIOD.

{¶ 15} In her second assignment of error, Mother claims the trial court erred by issuing an interim order requiring Mother to return C.S. to Ohio until it had ruled on Father's objections to the magistrate's decisions. We disagree.

{¶ 16} This issue involves the timing of Father's objections and the effect those objections had on the magistrate's decision. In this case, the trial court adopted the magistrate's decision and Father timely filed his objections within the time permitted by Juv.R. 40(D)(3)(b)(i). Pursuant to Juv.R. 40(D)(3)(e)(i), if the court enters judgment and a party timely files their objections, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." As such, Father's objections operated as a stay of proceedings until the trial court ruled on the

objections.

{¶ 17} While Mother complains that C.S.'s return to Ohio hindered C.S.'s ability to bond with Stepfather's extended family in California, thus providing an advantage to Father, we again fail to see how the trial court abused its discretion. Although the magistrate's decision named Mother as the custodial parent, that decision was properly stayed pending the resolution of Father's objections. As C.S. was located in Ohio throughout the pendency of the proceedings, the trial court properly exercised its discretion by ordering Mother to return C.S. to Ohio to "maintain the status quo until the objection is properly ruled on by the court." Accordingly, the trial court did not abuse its discretion and Mother's second assignment of error is likewise without merit and overruled.

{¶ 18} Assignment of Error No. 3:

{¶ 19} THE TRIAL COURT ERRED TO THE EXTENT OF AN ABUSE OF DISCRETION WHEN IT VACATED THE MAGISTRATE'S DECISION.

{¶ 20} Assignment of Error No. 4:

{¶ 21} THE TRIAL COURT ERRED TO THE EXTENT OF AN ABUSE OF DISCRETION WHEN IT DETERMINED THAT IT IS NOT IN THE BEST INTERESTS OF THE CHILD TO RELOCATE WITH MOTHER.

{¶ 22} In her third and fourth assignments of error, Mother alleges the trial court erred by sustaining Father's objections to the magistrate's decision and finding that it was in C.S.'s best interests to remain in Ohio with Father. We again disagree.

{¶ 23} In ruling on objections to a magistrate's decision, Juv.R. 40 (D)(4)(d) requires a trial court to undertake an independent review of the objected matters to determine whether the magistrate properly determined the factual issues and appropriately applied the law. In so doing, a court "may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional

evidence, or return a matter to a magistrate." Juv.R. 40 (D)(4)(b). The ultimate authority and responsibility over the magistrate's findings and rulings is vested with the trial court, and its independent analysis may result in a different conclusion than the one reached by the magistrate. Juv.R. 40(D)(4)(d); *see also Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 26.

**{¶ 24}** A decision to modify, affirm or reverse a magistrate's decision lies within the sound discretion of the trial court and should not be reversed on appeal absent an abuse thereof. *In re C.K.W.*, 2015-Ohio-3288 at ¶ 9. As previously noted, "[a]n abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably." *Id.*

**{¶ 25}** Because both parents moved to terminate the shared-parenting plan, this matter is governed by R.C. 3109.04(E)(2)(c). *In re D.M.*, 196 Ohio App.3d 50, 2011-Ohio-3918, ¶ 26 (12th Dist.); *In re A.B.*, 12th Dist. Butler No. CA2009-10-257, 2010-Ohio-2823, ¶ 23. Pursuant to that statute, a juvenile court may terminate a shared-parenting plan if it determines that the plan is not in the best interest of the child. Upon terminating a shared-parenting plan, a juvenile court must then "issue a modified decree for the allocation of parental rights and responsibilities" in accordance with the best interest of the child, "as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." R.C. 3109.04(E)(2)(d). The court is obligated to designate one parent the residential parent and legal custodian of the child "in a manner consistent with the best interest of the" child. R.C. 3109.04(A)(1).

**{¶ 26}** In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the juvenile court to consider all relevant factors. *In re X.B.*, 12th Dist. Butler No. CA2014-07-168, 2015-Ohio-1174, ¶ 19. These factors include, but are not limited to: (1) the wishes of the parents; (2) the child's interaction and interrelationship with his parents, siblings, and

other persons who may significantly affect the child's best interest; (3) the child's adjustment to home, school and community; (4) the mental and physical health of all persons involved; (5) the likelihood that the caregiver would honor and facilitate visitation and parenting time; and, (6) whether support orders have been followed. *In re A.L.H.*, 12th Dist. Preble No. CA2010-02-004, 2010-Ohio-5425, ¶ 9.

{¶ 27} In the present case, the magistrate issued its decision and found that it was in C.S.'s best interest for Mother to have custody of C.S. In so doing, the court found that C.S. was well-adjusted to his home and community in Ohio, but would benefit from the resolution of this matter, as the uncertainty surrounding his living situation was causing problems at school. Although the magistrate noted C.S. has had significant interaction with his paternal grandmother and extended family in Ohio, the magistrate concluded that the support of Stepfather's extended family in California would offset the loss of interaction with C.S.'s family in Ohio. Finally, the magistrate placed weight on Mother's testimony regarding her concerns with Father's home life, including allegations of domestic violence and alcohol abuse.

{¶ 28} In sustaining father's objections, the trial court, however, reached a different conclusion. Similar to the magistrate's opinion, the trial court reviewed the testimony presented before the magistrate, set forth the relevant legal analysis, and granted the parties' request to terminate the shared parenting arrangement. Yet, with respect to C.S.'s best interests, the trial court concluded that Father should have custody. In so doing, the court likewise noted the evidence presented showed that both Mother and Father were dedicated and involved parents capable of supporting C.S. Nevertheless, the court noted that Mother's decision to relocate was not in C.S.'s best interest as it requires C.S. to not see one of his parents for an extended period of time. In ruling in favor of Father, the trial court emphasized C.S.'s close relationships in Ohio and the fact that he is well-cared for by Father and his

extended family. As such, the court found the evidence presented during the hearing did not support the decision to uproot C.S. from his present environment in Ohio.

{¶ 29} Furthermore, with respect to Mother's allegations involving Father's alcohol use and purported instances of domestic violence, the trial court found Mother's testimony to be less than credible. In so doing, the trial court noted that Mother has never brought concerns of excessive drinking or domestic violence to the attention of the court prior to the instant matter. In addition, the trial court stated that Mother's testimony left the court "a bit perplexed" as it could not "rationalize why Mother would consider Father's home a dangerous and unsafe place for [C.S.] to reside during the school year, but not during the summer months." As a result, the trial court noted that Mother seemed eager to portray Father in a negative light and "had a difficult time determining to what extent Mother embellished or fabricated her testimony about Father's home life because of her desire to have [C.S.] relocate with her." Accordingly, after weighing the evidence, the trial court found that Father should be named the custodial parent.

{¶ 30} Based on our review, we find the trial court did not err in sustaining Father's objections and finding it in C.S.'s best interests to remain in Ohio in Father's custody. Mother's objections to the trial court's decision relate to the overall weight and credibility of the evidence presented at the hearing. However, as previously noted, the trial court has the ultimate responsibility over the magistrate's findings and rulings and may properly determine the weight and credibility of the evidence. *Koeppen*, 2009-Ohio-3675 at ¶ 26. Here, the trial court simply found Mother's testimony regarding Father to be less than credible and the evidence presented did not support the decision to uproot C.S. from his present situation in Ohio. Based on the facts and circumstances presented in this case, we cannot find, as a matter of law, that the trial court erred in making this determination. Accordingly, we find Mother's third and fourth assignments of error are without merit and overruled.

{¶ 31} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.