[Cite as *Gibson v. Gibson*, 2016-Ohio-4996.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| SHANE GIBSON, | : | |
| | | CASE NO.  CA2016-01-002 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 7/18/2016 |
| - vs - | | |
| | : | |
| JENIFER LYNN GIBSON, | : | |
| Appellant. | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR20130482

Sharon A. Kornman, 731 South South Street, P.O. Box 1041, Wilmington, Ohio 45177, for appellee

Jason A. Showen, 324 East Warren Street, Lebanon, Ohio 45036, for appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jenifer Gibson ("Mother"), appeals from a decision of the Clinton County Court of Common Pleas, Domestic Relations Division, following her divorce from plaintiff-appellee, Shane Gibson ("Father"). For the reasons outlined below, we affirm.

{¶ 2} Father and Mother were married in Wilmington, Ohio on September 11, 1999. Two children were born issue of the marriage, a daughter born August 27, 2001 and a son

born on May 23, 2004. It is undisputed that the parties' daughter has been diagnosed with Sanfilippo Syndrome, a rare and fatal genetic disorder that requires extensive medical care.

{¶ 3} On August 20, 2013, Father filed for divorce from Mother. In response, on September 17, 2013, Mother also filed for divorce from Father. Mother was then granted temporary custody of the children, whereas Father was awarded parenting time. A guardian ad litem was appointed and the parties were ordered to attend family counseling. Thereafter, when the parties were unable to agree with respect to the parental responsibilities, the trial court ordered the parties to undergo a psychological evaluation. The parties then filed several competing motions for contempt, with Mother also filing several motions requesting the trial court to provide a credit for payments she had made on the parties' credit card debt, as well as payments on their homeowner's insurance during the pendency of the divorce proceedings.

{¶ 4} On July 17, 2014, a hearing was held before a magistrate to address several of the parties' various pre-trial motions. As relevant here, Mother argued that she was entitled to a credit for payments she had made on the parties' credit card debt. In response, the magistrate instructed Mother that the credit card debt as it existed at the time of their separation would be split equally so that she would "get credit for the payments eventually anyway." Mother also asked for a credit for payments she had made on the parties' homeowner's insurance. To this, on July 22, 2014, the magistrate issued a decision ordering the payments on their "[h]omeowner's insurance shall be split equally between the parties until further Order of the Court." The magistrate then scheduled the matter for a two-day final divorce hearing to begin on December 3, 2014.

{¶ 5} On December 1, 2014, two days before the final divorce hearing was scheduled to begin, Mother filed a motion requesting shared parenting and a proposed shared parenting plan. The final divorce hearing was then held before the magistrate as scheduled, during

which time the magistrate heard testimony from both Father and Mother, as well as the guardian ad litem, among others.

{¶ 6} On June 19, 2015, the magistrate issued its decision recommending the parties be divorced. As part of that decision, the magistrate concluded that ordering the parties to adhere to a shared parenting plan was not in their children's best interest. In so holding, the magistrate determined that "[w]ith the history of inability to communicate and make mutual decisions regarding the children, it is in their best interest if a specific parenting plan is devised which specifically addresses each parent's rights and responsibilities." As a result, the magistrate determined that Father should be the residential parent and legal custodian of their daughter, whereas Mother should be the residential parent and legal custodian of their son. However, the magistrate determined that Mother should be designated residential parent for both children for purposes of determining school placement. The magistrate further found that the payments Mother made on the homeowner's insurance following the parties' separation were not subject to reimbursement.

{¶ 7} Both Father and Mother then filed objections to the magistrate's decision. As relevant here, Father objected to the magistrate's decision designating Mother as residential parent for both children for purposes of determining school placement. On the other hand, Mother objected to the magistrate's decision designating Father as the residential parent and legal custodian of their daughter rather than granting her request for shared parenting. Mother also objected to the magistrate's decision to not give her a credit for the payments she made towards the parties' credit card debt and homeowner's insurance while this matter was pending.

{¶ 8} On December 29, 2015, after holding a hearing, the trial court issued a decision on the parties' objections to the magistrate's decision. Specifically, the trial court overruled Mother's objection to the magistrate's decision designating Father as the residential parent

and legal custodian of their daughter rather than granting her request for shared parenting. The trial court also overruled Mother's objections as they related to her request for a credit for the payments she made towards the parties' credit card debt and homeowner's insurance. However, the trial court sustained Father's objection to the magistrate's decision designating Mother as the residential parent for purposes of determining their daughter's school placement. In reaching this decision, the trial court stated that because Father is designated the residential parent for their daughter, "[Father] shall determine the school district that [their daughter] shall attend, not [Mother]."

{¶ 9} Mother now appeals from the trial court's decision, raising three assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR SHARED PARENTING.

{¶ 12} In her first assignment of error, Mother argues the trial court abused its discretion by designating Father as the residential parent and legal custodian of their daughter rather than granting her request for shared parenting. We disagree.

{¶ 13} R.C. 3109.04 governs the award of parental rights and responsibilities. *Albrecht v. Albrecht*, 12th Dist. Butler Nos. CA2014-12-240 and CA2014-12-245, 2015-Ohio-4916, ¶ 22. In making this determination, the trial court's primary concern is the best interest of the child. *Rainey v. Rainey*, 12th Dist. Clermont No. CA2010-10-083, 2011-Ohio-4343, ¶ 12. In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the trial court to consider all relevant factors. *In re X.B.*, 12th Dist. Butler No. CA2014-07-168, 2015-Ohio-1174, ¶ 19. These factors include, but are not limited to (1) the wishes of the parents, (2) the child's interactions and interrelationships with parents, siblings, and other persons who may significantly affect the child's best interest, (3) the child's adjustment to home,

- 4 -

school and community, (4) the mental and physical health of all persons involved in the situation, (5) the parent more likely to honor and facilitate visitation, (6) whether one parent has denied the other parenting time, (7) whether either parent has failed to make all child support payments, (8) and whether either parent has established or is planning to establish a residence outside of Ohio. R.C. 3109.04(F)(1)(a), (c) thru (g), and (j). "[N]o single factor is determinative of the best interest of a child; rather, the determination should be made in light of the totality of the circumstances." *Suess v. Suess*, 12th Dist. Warren Nos. CA96-01-006 and CA96-01-008, 1996 WL 571362, *2 (Oct. 7, 1996).

{¶ 14} Moreover, with regard to whether shared parenting is in a child's best interest, the trial court must consider the additional factors set forth in R.C. 3109.04(F)(2). *Evans-Dorn v. Dorn*, 12th Dist. Clermont No. CA2015-03-031, 2015-Ohio-5032, ¶ 11. These factors include (1) the ability of the parents to cooperate and make decisions jointly, (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent, (3) any history or potential for abuse, (4) the geographic proximity of the parents to one another, (5) and the recommendation of the guardian ad litem. R.C. 3109.04(F)(2)(a) thru (e). "While no factor in R.C. 3109.04(F)(2) is dispositive, effective communication and cooperation between the parties is paramount in successful shared parenting." *Seng v. Seng*, 12th Dist. Clermont No. CA2007-12-120, 2008-Ohio-6758, ¶ 21.

{¶ 15} An appellate court reviews a trial court's custody determination for an abuse of discretion. *In re S.K.*, 12th Dist. Butler No. CA2013-06-108, 2014-Ohio-563, ¶ 12. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *In re B.K.*, 12th Dist. Butler No. CA2010-12-324, 2011-Ohio-4470, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The discretion which a trial court enjoys in custody matters "'should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.'" *In*

*re J.M.*, 12th Dist. Warren No. CA2008-12-148, 2009-Ohio-4824, ¶ 17, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Thus, "an appellate court affords deference to a judge or magistrate's findings regarding witnesses' credibility." *In re D.R.*, 12th Dist. Butler Nos. CA2005-06-150 and CA2005-06-151, 2006-Ohio-340, ¶ 12.

{¶ 16} After a thorough review of the record, we find no abuse of discretion in the trial court's decision designating Father as the residential parent and legal custodian of their daughter rather than granting Mother's request for shared parenting. Just as the trial court found, the parties have a long and troubled history indicating they lack the ability to effectively communicate with one another in order to make mutual decisions regarding both of their children's needs. As a result, while cooperation and civility between the parties would certainly be welcome, developing a specific parenting plan to address both parties' rights and responsibilities regarding each of their children has become an unfortunate necessity. This is particularly true here when considering their daughter's deteriorating medical condition resulting from her diagnosis with Sanfilippo Syndrome, a rare and fatal genetic disorder that requires extensive medical care. Therefore, while it is clear both parties love and deeply care for their daughter, as the trial court found, designating Father as the residential parent and legal custodian serves as "the best approach given the realities this family faces." Although Mother claims otherwise, nothing about this decision is unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. Accordingly, having found no abuse of discretion in the trial court's decision, Mother's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ABUSED ITS DISCRETION GRANTING PLAINTIFF/APPELLEE THE RIGHT TO DETERMINE SCHOOL PLACEMENT.

{¶ 19} In her second assignment of error, Mother argues the trial court abused its discretion by granting Father, as residential parent, the right to determine what school their

daughter would attend. However, as this court has stated previously, "[t]he legal and physical control a residential parent has over the child includes the authority to decide the school the child attends." *Thompson v. Cannon*, 12th Dist. Fayette No. CA2015-02-003, 2015-Ohio-2893, ¶ 28. Moreover, contrary to Mother's claim otherwise, the fact that the magistrate previously determined that she should be designated residential parent for school purposes is immaterial for the "ultimate authority and responsibility over the magistrate's findings and rulings is vested with the trial court[.]" *In re C.S.*, 12th Dist. Warren No. CA2015-05-041, 2015-Ohio-3937, ¶ 23. The same is true regarding the guardian ad litem, for the trial court is "not bound to follow a guardian ad litem's recommendation." *Lumley v. Lumley*, 10th Dist. Franklin No. 09AP-556, 2009-Ohio-6992, ¶ 46. Therefore, finding no abuse in the trial court's decision, Mother's second assignment of error is overruled.[1]

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN NOT ADDRESSING OR ALLOCATING MARITAL DEBTS OF THE PARTIES.

{¶ 22} In her third assignment of error, Mother argues the trial court erred by failing to give her a credit for the payments she made towards the parties' credit card debt and homeowner's insurance during the pendency of their divorce. However, as it relates to the payments Mother made on the parties' credit card debt, the magistrate properly determined that the debt as it existed at the time of their separation would be split equally so that she would "get credit for the payments eventually anyway." In addition, as it relates to the payments made on the parties' homeowner's insurance, the magistrate correctly determined

---

1. The record indicates that the parties' daughter had been enrolled in the Wilmington City School District since pre-school where she had the same personal aide for the past six years. However, without first discussing the matter with Father, Mother removed their daughter from the Wilmington City School District and enrolled her in a school in the Clinton-Massie School District, the same school where Mother worked as an intervention specialist. The trial court's decision would presumably allow Father to enroll their daughter in either school district for the upcoming school year.

that such payments were not subject to reimbursement since Mother had been residing in the house after the parties separated. The trial court affirmed and adopted these decisions finding Mother's request for a credit was not supported by the record. After a thorough review of the record, we find no error in the trial court's decision. Accordingly, Mother's third assignment of error is overruled.

{¶ 23} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.