[Cite as *Adkins v. Adkins*, 2017-Ohio-8636.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|  |  |  |
|---|---|---|
| REGINA G. ADKINS, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-12-227 |
| | : | O P I N I O N |
| - vs - | | 11/20/2017 |
| | : | |
| CURTIS M. ADKINS, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2015-08-0654


Frank J. Schiavone IV, 6 South Second Street, Suite 520, Hamilton, Ohio 45011 and Joseph A. Cesta, 1160 East Main Street, Lebanon, Ohio 45036, for plaintiff-appellee

Mark W. Raines, 246 High Street, Hamilton, Ohio 45011 and Mark A. Conese, 633 High Street, Suite 102, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Curtis Adkins ("Father"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, following his divorce from plaintiff-appellee, Regina Adkins ("Mother"). For the reasons detailed below, we affirm.

{¶ 2} Mother and Father were married on March 4, 2000 and had two children by issue of the marriage. Mother filed a complaint for divorce on September 8, 2015 and Father

answered. The matter was tried to the court where the parties introduced testimony with respect to parenting arrangements and allocation of the marital residence and other debts.

{¶ 3} The parties disputed the valuation of the marital residence. Mother testified that the marital residence was worth $118,510 based on the valuation made by the Butler County Auditor. Mother also testified that the parties had sold a similar property across the street for $121,000 after agreeing to pay the Buyer's $3,000 closing costs. Father, however, contested the Auditor's valuation and stated that the home was worth $140,000. At different times, Father stated that he would purchase the house for $140,000, but conceded that he had not obtained financing and would need six months to a year to secure the necessary financing.

{¶ 4} As to custody and visitation of the children, both parties raised concerns with each other's drinking. Father completed an addiction assessment, which indicated that he consumed ten or more drinks per day and engaged in drinking and driving. Two witnesses described Father's alcohol consumption at his daughter's soccer games. Though alcohol was commonly shared by the parents during these morning soccer games, the witnesses described Father's drinking in more concerning terms. One witness stated that Father drank throughout the soccer tournaments to the point of intoxication. The witness noted that Father was inappropriate at times and nearly always had a beer in his hand at the games. A witness also detailed one instance in which Father consumed an entire pitcher of beer in one sitting.

{¶ 5} Following the hearing, the trial court named Mother residential parent and legal custodian of the children. Father was allocated parenting time in accordance with the standard parenting schedule. In addition, Mother retained possession of the house, and the trial court found the fair market value was $118,510. Father now appeals the decision of the trial court, raising three assignments of error for review. For ease of discussion, we will address Father's assignments of error out of order.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED DEFENDANT-APPELLANT'S SHARED PARENTING PLAN WITHOUT TESTIMONY THAT PARENTS WERE UNABLE TO WORK TOGETHER OR A FINDING AS TO WHY IT WAS IN THE CHILDREN'S BEST INTERESTS.

{¶ 8} In his second assignment of error, Father alleges the trial court erred by designating Mother as the residential parent and legal custodian of their daughters rather than granting his request for shared parenting. We disagree.

{¶ 9} R.C. 3109.04 governs the award of parental rights and responsibilities. In making this determination, the primary concern is the best interest of the child. *Albrecht v. Albrecht*, 12th Dist. Butler Nos. CA2014-12-240 and CA2014-12-245, 2015-Ohio-4916, ¶ 22.

{¶ 10} In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the trial court to consider all relevant factors. *Bristow v. Bristow*, 12th Dist. Butler No. CA2009-05-139, 2010-Ohio-3469, ¶ 8. These factors include, but are not limited to (1) the wishes of the parents, (2) the child's interaction and interrelationship with his parents, siblings, and other persons who may significantly affect the child's best interest, (3) the child's adjustment to home, school and community, (4) the mental and physical health of all persons involved, and (5) the likelihood that the caregiver would honor and facilitate visitation and parenting time. *Denier v. Carnes-Denier*, 12th Dist. Warren No. CA2015-11-106, 2016-Ohio-4998, ¶ 14.

{¶ 11} With regard to whether shared parenting is in the child's best interest, the court must consider the additional factors set forth in R.C. 3109.04(F)(2). *Id.* at ¶ 15. These factors include (1) the ability of the parents to cooperate and make decisions jointly, (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent, (3) any history or potential for abuse, (4) the geographic proximity

of the parents to one another, (5) and the recommendation of the guardian ad litem.  R.C. 3109.04(F)(2)(a)-(e).

{¶ 12}   An appellate court reviews a trial court's custody determination for an abuse of discretion.  *Gibson v. Gibson*, 12th Dist. Clinton No. CA2016-01-002, 2016-Ohio-4996, ¶ 15.  An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable.  *Denier* at ¶ 16.  The discretion which a trial court enjoys in custody matters "should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned."  *Gibson* at ¶ 15.

{¶ 13}   After a thorough review of the record, we find no abuse of discretion in the trial court's decision designating Mother as the residential parent and legal custodian of the children rather than granting Father's request for shared parenting.  The record reflects that the trial court considered all relevant factors in R.C. 3109.04(F)(1) and applied those factors in making its decision designating Mother residential parent and legal custodian.

{¶ 14}   The court heard testimony that Mother and Father have a strained relationship, which is in part due to Father's excessive drinking.  An alcohol dependency evaluation was conducted on Father and concluded with a recommendation that Father attend outpatient treatment for alcohol abuse.  Though Father attended a few sessions, he admits that he has not completed the program and stated that he only attended the evaluation in the hopes of continuing his marriage.

{¶ 15}   Mother testified that she has trouble communicating with Father and that Father has engaged in physically abusive behavior.  Mother alleged that Father had grabbed her by the throat and became physical.  The record reflects that there was a mutual temporary restraining order between Mother and Father at the time of the final hearing.  In addition, during the final hearing, Father admitted to attaching a GPS tracking device on Mother's vehicle while the parties were separated.

{¶ 16} Although Father claims otherwise, we find the trial court's decision was not an abuse of discretion. In addition to the testimony regarding Father's drinking and the parties' inability to communicate, Mother testified that she has been the children's primary caregiver since the separation and Father has had limited contact with the children. Accordingly, having found no abuse of discretion in the trial court's decision, Father's second assignment of error is overruled.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT VALUED THE MARITAL HOUSE AT $118,500.00 USING THE BUTLER COUNTY AUDITOR'S APPRAISAL INSTEAD OF USING THE DEFENDANT-APPELLANT'S RECENT OFFER TO PURCHASE THE HOUSE AT THE HIGHER PRICE OF $140,000.00.

{¶ 19} In his first assignment of error, Father argues that the trial court erred when it valued the parties' marital residence at $118,510. Father contends that his "offer" to purchase the home for $140,000 is the more appropriate measure for the value of the house. We find no merit to Father's argument.

{¶ 20} "A trial court has broad discretion in determining the equitable division of property in a divorce proceeding." *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54. "Prior to making an equitable division of marital property, a trial court must determine the value of marital assets." *Dollries v. Dollries*, 12th Dist. Butler Nos. CA2012-08-167 and CA2012-11-234, 2014-Ohio-1883, ¶ 10. When valuing a marital asset, the trial court is not required to use a particular valuation and is not precluded from using any method. *Sieber v. Sieber*, 12th Dist. Butler Nos. CA2014-05-106 and CA2014-05-114, 2015-Ohio-2315, ¶ 34. However, in determining the value of marital property, the trial court must have evidence before it to support the figure that it establishes. *Id*. "An appellate court will

not reverse a trial court's decision regarding what figures it uses to determine an equitable division where the decision is supported by the manifest weight of the evidence." *Dollries* at ¶ 10.

{¶ 21} We find the trial court did not err by finding that the fair market value of the marital residence was $118,510. The trial court heard credible evidence that the marital residence was valued at $118,510 by the Butler County Auditor and Mother testified that she believed that figure reflected the fair market value of the property. Though Father claims that he offered to purchase, or would purchase the home, for $140,000, there is nothing to suggest that this figure is more representative of the fair market value of the property than that of Mother and the auditor.

{¶ 22} Additionally, there is no evidence to suggest that Father's offer is reasonable or even possible under the circumstances. The testimony reflects that Father has not sought financing for the home and he admits that he would need a year or "six months to a year" to obtain financing for the home. In addition, there is evidence that Father also has substantial credit card debt including maxed out credit cards and collection accounts. In short, Father's claim that he would pay $140,000 for the home is not reflective of a sincere offer on the home that would support an increased valuation. As a result, we find the trial court's decision as to the valuation of the marital property is supported by the manifest weight of the evidence. Father's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED POSSESSION OF THE MARITAL PROPERTY TO PLAINTIFF-APPELLEE.

{¶ 25} In his third assignment of error, Father argues the trial court erred by awarding Mother the marital residence. Father's argument is without merit.

{¶ 26}   As previously noted, a trial court has broad discretion when dividing marital property.  *Williams* at ¶ 54.  The trial court will not be reversed absent an abuse of discretion. *Id.*

{¶ 27}   In dividing marital property, the court must consider R.C. 3105.171(F). Pursuant to that provision, the trial court shall consider:

> (1)  The duration of the marriage;
>
> (2)  The assets and liabilities of the spouses;
>
> (3)  The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
>
> (4)  The liquidity of the property to be distributed;
>
> (5)  The economic desirability of retaining intact an asset or an interest in an asset;
>
> (6)   The tax consequences of the property division upon the respective awards to be made to each spouse;
>
> (7)  The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
>
> (8)   Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
>
> (9)  Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;
>
> (10)  Any other factor that the court expressly finds to be relevant and equitable.

{¶ 28}   We find the trial court did not err by awarding Mother possession of the marital residence.  In the present case, Mother was awarded custody of the children and was currently residing in the marital residence with the children.  Father had been living separately in an apartment for some time.  The record shows that it would not be in the children's best interest to remove them from their environment.  In addition, the record reveals that the

property is encumbered by a mortgage and there is little equity in the home.

**{¶ 29}** The majority of Father's argument is again premised on the faulty argument that because he is allegedly willing to offer more money for the property that he should be awarded said property. However, as addressed above, Father's position lacks in both credibility and sincerity. The trial court was not required to accept Father's claim as true. As a result, we find the trial court did not abuse its discretion by awarding Mother possession of the marital residence. Father's third assignment of error is overruled.

**{¶ 30}** Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.