[Cite as *King v. May*, **2023-Ohio-1927**.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STEPHEN KING

    Plaintiff-Appellant

-vs-

SARA MAY

    Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. CT2022-0033


O P I N I O N


CHARACTER OF PROCEEDINGS:    Appeal from the Muskingum County Court of Common Pleas, Domestic Relations Division, Case No. DE2019-0470

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 9, 2023

APPEARANCES:


For Plaintiff-Appellant

BRIAN W. BENBOW
Benbow Law Office, LLC
265 Sunrise Center Drive
Zanesville, Ohio 43701

For Defendant-Appellee

ROSE M. FOX
Fox Law Office
233 Main Street
Zanesville, Ohio 43701

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Stephen King appeals the April 26, 2022 Judgment Entry entered by the Muskingum County Court of Common Pleas, Domestic Relations Division, which named defendant-appellant Sara May the residential parent and legal custodian of the parties' minor child ("the Child") and denied his motion for shared parenting.

STATEMENT OF THE CASE AND FACTS

**{¶2}** Appellant and Appellee are the natural parents of the Child. The parties have never been married.

**{¶3}** On July 8, 2019, Appellant filed a pro se Complaint for Parentage, Allocation of Parental Rights and Responsibilities (Custody), and Parenting Time (Companionship and Visitation). The trial court issued a temporary order, providing Appellant with parenting time and ordering the parties to participate in a case assessment with a Parenting Services Coordinator. The parties failed to attend the case assessment. As a result, the trial court dismissed the case without prejudice.

**{¶4}** On May 3, 2021, Appellant filed a motion for change of parenting time. Appellant subsequently retained counsel and filed a motion for shared parenting with a proposed shared parenting plan. Following a hearing, the trial court issued temporary orders on August 3, 2021. Appellant filed a second proposed shared parenting plan on December 16, 2021. The matter came on for final hearing on January 11, 2022.

**{¶5}** Appellee was called as if on cross-examination by counsel for Appellant. Appellee stated she is employed as a customer service representative with Spectrum. She works Mondays, Tuesdays, Thursdays, and Fridays from 8:00 a.m. to 7:00 p.m. When asked if she had any problems with Appellant's proposed shared parenting plan,

Appellee responded she did not feel Appellant could follow it. Appellee added, "I would love to be able to do this * * * but I don't feel like he can follow it." Transcript of January 11, 2022 at 13. Appellee continued, "[Appellant] has proven in the past four years he can't do shared parenting. He's had every opportunity, and it's always in and out." *Id.* at 14. Appellee explained the parties had a standard parenting order in the past, but "[Appellant] just stopped showing up." *Id.* at 15.

{¶6} Appellant testified he is a union electrician, working through the local IBEW Electrical Union. He has been so employed for 24 years. Appellant is currently working for Southeastern Electric. He testified he works from 6:00 a.m. until 4:30 p.m., six days a week. Appellant was on disability for several months in late 2021, due to a foot infection.

{¶7} Appellant stated, pursuant to the temporary orders, he has visitation with the Child two or three days a week, and the visitation is supervised at his mother's house. Appellant added he exercises all the visitation time he is entitled to under the temporary orders. He indicated he would abide by, adhere to, and do everything necessary to accomplish the terms of the shared parenting plan. Appellant currently resides with his paramour, Kayla Belleville, in her home, but maintains his own home.

{¶8} On cross-examination, Appellant admitted he was charged with assault as the result of an incident involving Belleville, but pled no contest to and was convicted of a reduced charge of disorderly conduct by fighting on March 18, 2021. Belleville was also convicted of disorderly conduct as a result of the same incident. Appellant was convicted of OVI in 2019. He acknowledged drinking socially, but denied drinking to excess.

{¶9} Catherine Davis, Appellant's mother, testified Appellant visits the Child at her home three times a week. Davis noted she babysits the Child any time Appellee

needs and asks for help. Davis indicated Appellant has taken advantage of as much visitation as possible. Davis did not know of any time when Appellant had missed visitation with the Child. Davis acknowledged she has not allowed Belleville in her home since 2018, but stated the reasons were "personal." *Id.* at 68.

{¶10} After Appellant rested his case, Appellee testified on her own behalf. Appellee stated she and Appellant both have health insurance coverage for the Child. The parties have been ordered to share uninsured medical expenses, with Appellant ordered to pay 69% and Appellee ordered to pay 31%. Appellee noted Appellant has failed to pay his portion of the Child's uninsured medical expenses. Appellant is under an administrative order of support. Appellee acknowledged Appellant is current with his support obligation.

{¶11} Appellee discussed her attempts to communicate with Appellant regarding the Child's medical appointments, health concerns/issues, extracurricular activities, and sharing responsibilities. Appellee expressed concerns about Appellant's failure to respond to her text messages and lack of willingness to help. For example, Appellee texted Appellant to ask if he was driving a certain route to his mother's house and, if so, could he pick up the Child's allergy prescription. Appellant responded he was not driving in that direction.

{¶12} Appellee stated Appellant does not show much interest in the holidays. Appellant had the Child the Sunday before Thanksgiving, the day on which his family celebrates the holiday. Appellee advised Appellant he could have the Child all day, however, Appellant had Appellee pick up the Child at 2:00 p.m., despite the fact the family

gathering was still taking place. Appellant has never asked to take the Child on vacation. Appellee sees no effort on Appellant's part to spend time with the Child.

**{¶13}** Appellee presented text messages between the parties, which the trial court admitted into evidence.

**{¶14}** Via Judgment Entry filed April 26, 2022, the trial court concluded shared parenting was not in the Child's best interest, and named Appellee the residential parent and legal custodian of the Child and Appellant the non-residential parent. Appellant was awarded parenting time every Tuesday and Thursday from after work until 7:00 p.m., and every other Sunday from 9:00 a.m. until 7:00 p.m. The trial court ordered Appellant's significant other, Kayla Belleville, not be present during Appellant's parenting time.

**{¶15}** It is from this judgment entry Appellant appeals, raising the following as error:

I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT APPROVING APPELLANT'S PROPOSED SHARED PARENTING PLAN WHEN APPELLEE AGREED TO THE SAME IN HER TRIAL TESTIMONY. THE TRIAL COURT THEREFORE ERRED AS A MATTER OF LAW WHEN IT FAILED TO FOLLOW THE PROCEDURE SET FORTH IN R.C. 3109.04(D)(1)(a)(i), WHICH GOVERNS SHARED PARENTING WHEN BOTH PARENTS JOINTLY REQUEST SHARED PARENTING. THE TRIAL COURT ACCORDINGLY ERRED AS A MATTER OF LAW WHEN IT FAILED TO SUBSTANTIALLY COMPLY WITH R.C. 3109.04(D)(1)(a)(iii) BY FAILING TO GIVE SUFFICIENT REASONING

FOR THE DENIAL OF THE JOINT REQUEST FOR SHARED PARENTING.

II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING A PARENTING TIME SCHEDULE NOT IN THE CHILD'S BEST INTEREST BY FAILING TO AWARD OVERNIGHT PARENTING TIME AND BY ISSUING A "NO CONTACT" ORDER WITH REGARD TO APPELLANT'S PARAMOUR.

III. THE TRIAL COURT'S DECISION IS CONSEQUENTLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## I, II, III

**{¶16}** We review a trial court's decision to grant or deny a motion for shared parenting for an abuse of discretion. *Ayers v. Ayers*, 6th Dist. Wood No. WD-21-010, 2022-Ohio-403, ¶ 7, citing *King v. King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, ¶ 34. When allocating parental rights and responsibilities, the trial court must consider the best interest of the child pursuant to R.C. 3109.04(B)(1), and in doing so must consider all relevant factors under R.C. 3109.04(F). *Id.* at ¶ 10, citing *Torres Friedenberg v. Friedenberg*, 161 Ohio St.3d 98, 2020-Ohio-3345, 161 N.E.3d 546, ¶ 28. We, likewise, review a trial court's best interest determination for an abuse of discretion. *Kurzen v. Kurzen*, 6th Dist. Huron No. H-20-008, 2021-Ohio-1222, ¶ 25 (Citation omitted).

**{¶17}** In determining the best interest of a child, R.C. 3109.04(F)(1) requires the trial court to consider all relevant factors, including, but not limited to:  the wishes of the child's parents regarding the child's care; the child's interaction and interrelationship with

the child's parents, siblings, and any other person who may significantly affect the child's best interest; the child's adjustment to the child's home, school, and community; the mental and physical health of all persons involved in the situation; and the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights. R.C. 3109.04(F)(1).

{¶18} "When determining whether shared parenting is in a child's best interest, the trial court must consider the additional factors set forth in R.C. 3109.04(F)(2)." *Chaney v. Chaney*, 12th Dist. Warren No. CA2021-09-087, 2022-Ohio-1442, ¶ 37, citing *Adkins v. Adkins*, 12th Dist. Butler No. CA2016-12-227, 2017-Ohio-8636, ¶ 11. These factors are (1) the ability of the parents to cooperate and make decisions jointly, with respect to the child; (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (3) any history or potential for abuse; (4) the geographic proximity of the parents to one another; (5) and the recommendation of the guardian ad litem, if the child has a guardian ad litem. R.C. 3109.04(F)(2)(a) thru (e). "While no factor in R.C. 3109.04(F)(2) is dispositive, effective communication and cooperation between the parties is paramount in successful shared parenting." *Seng v. Seng*, 12th Dist. Clermont No. CA2007-12-120, 2008-Ohio-6758, ¶ 21.

{¶19} Appellant maintains the trial court should have approved his proposed shared parenting plan because "Appellee agreed to the same in her trial testimony." Brief of Appellant, Assignment of Error I. We disagree with this assertion. Appellee did not unconditionally agree to Appellant's proposed shared parenting plan. In fact, she specifically testified, "I would love to be able to do this * * * but I don't think he can follow it." Tr. At 13. Appellee added, "[Appellant] has proven in the past four years he can't do

shared parenting. *Id.* at 14. Contrary to Appellant's assertion, Appellee neither implicitly nor explicitly agreed to Appellant's proposed shared parenting plan.

**{¶20}** Upon review of the entire record, we find trial court did not abuse its discretion in denying Appellant's request for shared parenting and the trial court's decision was not against the manifest weight of the evidence. The trial court's thorough judgment entry reveals it considered all the relevant factors set forth in R.C. 3109.04(F)(1) and (2) in arriving at the decision. Specifically, the trial court noted the parties' difficulty in communicating with each other and making joint decisions regarding the Child. The record reveals Appellant had been either unresponsive or unwilling to assist Appellee when she requested help with the Child or attempted to coordinate events and involve Appellant in the Child's life. Appellant did not accept any of Appellee's offers to spend additional time with the Child. Appellant's work schedule would require the Child to spend the majority of Appellant's parenting time with Appellant's mother. The Child is settled and happy in her daily routine. She is bonded with both parents.

**{¶21}** With respect to the trial court's order prohibiting Appellant's paramour from being present when Appellant is exercising visitation with the Child, we, likewise, find no abuse of discretion. Appellant and his paramour were both convicted of disorderly conduct as a result of incident in which the two had been drinking and fighting. Appellee testified she has received text messages or phone calls from Belleville when she was intoxicated. Appellant's mother testified she has not allowed Belleville to be in her home since sometime in 2018.

**{¶22}** Based upon the foregoing, we overrule Appellant's first, second, and third assignments of error.

{¶23}  The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur